IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEN EASTERLING, § | | |
| Plaintiff, § | | |
| v. § | | Civil Action No. 3:22-CV-1916-K-BH |
| § | | |
| U.S. BANK NATIONAL ASSOCIATION, § | | |
| Defendant. § | | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, *Defendant U.S. Bank National Association's Motion to Dismiss*, filed September 7, 2022 (doc. 6), should be **GRANTED**, and *Plaintiff's … Request for Summary Judgment, Quiet Title and Damages*, filed November 1, 2022 (doc. 16), should be **DENIED**.

**I. BACKGROUND**

This case involves a dispute over real property located at 1233 High Bluff Drive, Desoto, Texas 75115 (the Property). (doc. 1-3 at 9.)[2] On August 4, 2003, Ken Easterling (Plaintiff) executed a promissory note (Note) in favor of Military Mortgage, a DBA of American Investment (Military Mortgage), for a loan in the principal amount of $240,000.00. (*Id.* at 56-57.) He also executed a deed of trust (Deed of Trust) that granted a security interest in the Property to Military Mortgage to secure repayment under the Note. (*Id.* at 30-53.) Under the terms of the Note and Deed of Trust, Plaintiff would be in default if he failed to timely pay the full amount of each required monthly payment, and subject to acceleration of the loan and foreclosure proceedings on the Property. (*Id.* at 33, 56.) The Deed of Trust was eventually assigned to Defendant. (*Id.* at 59-63.)

In June 2011, Plaintiff failed to submit the required monthly payments under the Note and Deed of Trust and was held in default. *See Easterling v. U.S. Bank Nat'l Ass'n*, No. 3:16-CV-3403-L-BH, 2018 WL

---

[1] By *Special Order No. 3-251*, this *pro se* case was automatically referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

7266516, at *1 (N.D. Tex. Dec. 6, 2018), *adopted by* 2019 WL 156264 (N.D. Tex. Jan. 10, 2019) Despite receiving written notice of the default and an opportunity to cure, he failed to cure the default, and Defendant accelerated all amounts due and owing under the Note. *Id.* Plaintiff received notice that the Property was scheduled for foreclosure sale on January 3, 2012. *Id.*

### A.     First Prior Lawsuit

On September 1, 2016, Plaintiff sued Defendant in Texas state court, alleging debt collection violations and seeking declaratory relief and a temporary restraining order to enjoin a foreclosure sale of the Property. (*See* No. 3:16-CV-3403-L, doc. 1 (First Prior Lawsuit).) On November 10, 2016, Defendant filed its answer, asserted a counterclaim for breach of contract, and sought judgment authorizing it to judicially foreclose on the Property. (*Id.*, doc. 1-1 at 16-22.) Defendant removed the action to federal court on December 9, 2016, and on May 29, 2018, it moved to dismiss Plaintiff's claim and for summary judgment on its counterclaim. (*Id.*, docs. 1-1; 17; 18.) Plaintiff moved to dismiss Defendant's counterclaim for foreclosure on September 4, 2018. (*Id.*, doc. 31.)

On December 6, 2018, it was recommended that Defendant's motions to dismiss and for summary judgment on its counterclaims for breach of contract and foreclosure be granted, but that Plaintiff be afforded a final opportunity to amend his debt collection violations claim. (*See id.*, doc. 36.) On January 10, 2019, the district court accepted the recommendation and entered judgment in Defendant's favor on all claims, except for Plaintiff's debt collection violations claim. (*See id.*, docs. 41-42.) Although Plaintiff was afforded a final opportunity to amend his debt collection violations claim and was cautioned that the claim was subject to dismissal if he failed to amend, he did not amend the claim. (*See id.*, doc. 41 at 5-6.)

### B.     Second Prior Lawsuit

On August 24, 2018, while Defendant's motions to dismiss and for summary judgment in the First Prior Lawsuit were pending, Plaintiff filed a second lawsuit for breach of contract in Texas state court, alleging that he had sent a qualified written request (QWR) for information validating the mortgage on the Property, but Defendant had "failed to validate debt associated with [his] mortgage." (*See* No. 3:18-CV-2528-C-BH, doc. 1-1 at 2 (Second Prior Lawsuit).) After the state action was removed to federal court,

2

Plaintiff filed an amended complaint on October 26, 2018, and additional attachments on October 29, 2018. (*See id.*, docs. 5-6.) It asserted a claim for "wrongful foreclosure" and challenged Defendant's standing to foreclose on the Property but appeared to abandon the breach of contract claim based on the QWR. (*Id.*)

On April 22, 2019, Defendant moved for summary judgment, arguing the claims against it were barred under the doctrines of res judicata and collateral estoppel. (*Id.*, doc. 25.) On November 21, 2019, the district court accepted the recommendation to grant summary judgment based on res judicata and entered judgment dismissing all claims against Defendant with prejudice. (*See id.*, docs. 55; 58.) Plaintiff's appeal of the judgment was dismissed for want of prosecution on August 20, 2020. (*Id.*, docs. 60; 67.)

**C.     Current Lawsuit**

On July 28, 2022, Plaintiff filed his original petition, request for temporary restraining order, and application for temporary injunction against Defendant in Texas state court (Current Lawsuit). (doc. 1-3 at 7-8.) He contends that he is the owner of the Property and that the Deed of Trust was purportedly assigned to Defendant through a series of assignments, but he "refutes the legitimacy of all signatures on [those] Assignments." (*Id.* at 9.) He alleges that, as of July 6, 2022, his loan still remains with the prior owner of the Deed of Trust and Note, and that a Substitution of Trustee has never been filed in the property records. (*Id.* at 8-9.) He also alleges that he received a Notice of Acceleration and Notice of Trustee Sale on May 18, 2022, that did not comply with the Texas Property Code because it was not executed by the Trustee, was not notarized, and did not state the title or employer of the signatory. (*Id.* at 9.)

Plaintiff asserts a claim for "Violations of Texas Property Code," alleging that Defendant is "engaging in a fraudulent foreclosure" of the Property because he has not received a notice of default that complies with the Deed of Trust and Texas law, Defendant "does not own [his] loan" and "does not have the legal authority to foreclose on the [ ] Property", and "the Notice of Trustee Sale is not signed by a trustee or notarized, is not dated, and is not filed in public record, as required by Texas Law." (*Id.* at 10-12.) He also asserts a claim for "Slander of Title/Quiet Title," alleging that "all purported assignments associated with [the] Deed of Trust are invalid and are slandering [his] title." (*Id.* at 13.) He seeks general and special

damages, a judicial declaration that the title to the Property is vested in him, and an injunction that prevents Defendant from asserting any estate, right, title, or interest in the Property. (*Id.* at 14-16.)

After the state court issued and extended the temporary restraining order enjoining the foreclosure sale of the Property, Defendant removed the lawsuit to federal court on August 30, 2022. (*See* docs. 1; 1-3 at 77-78, 88-89.) On September 7, 2022, it moved to dismiss on grounds that Plaintiff's claims are barred by res judicata. (doc. 6 at 3-4.) Plaintiff responded on September 23, 2022, and Defendant replied on September 29, 2022. (docs. 9-11.)[3]

On October 26, 2022, Plaintiff moved for summary judgment; he filed an amended motion for summary judgment on November 1, 2022. (docs. 15, 16). Defendant responded on November 13, 2022, and Plaintiff replied on November 18, 2022. (docs. 17-18.)

## II. MOTION TO DISMSS

Defendant moves under Rule 12(b)(6) to dismiss all of Plaintiff's claims against it. (*See* doc. 6.)

**A.     Rule 12(b)(6) Standard**

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).

It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Regardless of whether the plaintiffs are proceeding *pro se* or are represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes

---

[3]Plaintiff's responses to the motion to dismiss challenged the removal of the state action and the Court's subject matter jurisdiction (docs. 9 at 4-6; 10 at 4-6), but he concedes that subject matter jurisdiction is appropriate in his motions for summary judgment (docs. 15 at 2; 16 at 2).

4

a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

As noted, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, a court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007). However, "[i]f . . . matters outside the pleading[s] are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Nevertheless, "pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Similarly, documents "attache[d] to a motion to

5

dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003). It is also "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). Documents falling in these three categories may be properly considered without converting the motion to dismiss into a motion for summary judgment.

Here, Plaintiff attached to his petition the affidavit of a private investigator and copies of the Deed of Trust, the Note, the assignments of the Deed of Trust, the Notice of Acceleration, the Notice of Trustee Sale, and a page from the MERS procedure manual. (*See* doc. 1-3 at 18-89.) These documents are therefore considered part of the pleadings. *See Katrina Canal Breach es Litig.*, 495 F.3d at 205.

Defendant attached to its motion to dismiss copies of the filings from the First and Second Prior Lawsuits including: the magistrate judge's findings, conclusions, and recommendations; the orders accepting those findings, conclusions, and recommendations; and the judgments. (*See* doc. 7.) These documents can be judicially noticed because they are matters of public record and their contents cannot reasonably be disputed. *See Norris*, 500 F.3d at 461 n.9; *Matter of Manges*, 29 F.3d 1034, 1042 (5th Cir. 1994) (taking judicial notice of "unimpeached certified copies of . . . deeds and assignments"); *see also Wang v. Prudential Ins. Co. of America.*, 439 F. App'x 359, 363 (5th Cir. 2011) (holding that the district court "did not impermissibly consider documents outside of the record in deciding the motion to dismiss, as the documents referred to were public court filings"); Fed. R. Evid. 201(b)(2) (a court may take judicial notice of a fact when it "can be accurately and readily determined from sources whose accuracy cannot reasonably be disputed"). Accordingly, it is unnecessary to convert Defendant's motion to dismiss into a motion for summary judgment.

**B.** **Res Judicata**

Defendant contends that Plaintiff's claims against it are barred by res judicata because they invoke the same nucleus of operative facts as the two prior lawsuits. (doc. 6 at 3-4.)

The "rule of res judicata encompasses two separate but linked preclusive doctrines: (1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion." *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 466 (5th Cir. 2013); *see also Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) ("The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'"). "True res judicata" or "claim preclusion . . . bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (citation omitted). This doctrine has four elements: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Comer*, 718 F.3d at 466-67.

Res judicata is generally "an affirmative defense that should not be raised as part of a 12(b)(6) motion but should instead be addressed at summary judgment or at trial." *Am. Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 F. App'x 662, 664 n.1 (5th Cir. 2004) (citing *Moch v. East Baton Rouge Parish Sch. Bd.*, 548 F.2d 594, 596 n.3 (5th Cir. 1977) ("Generally, a party cannot base a 12(b)(6) motion on res judicata.")). Nevertheless, "[a] court may dismiss claims as barred by res judicata if the 'bar is apparent from the pleadings and judicially noticed facts.'" *Matter of 3 Star Properties, L.L.C.*, 6 F.4th 595, 604 (5th Cir. 2021) (quoting *Kahn v. Ripley*, 772 F. App'x 141, 142 (5th Cir. 2019) (per curiam)). As with all affirmative defenses, the burden of proving claim preclusion "rests on the party claiming the benefit of the doctrine." *Smallwood v. Willow Way, LLC*, No. 3:20-CV-02989-S-BH, 2021 WL 2653287, at *9 (N.D. Tex. Apr. 19, 2021), *adopted by* 2021 WL 2652517 (N.D. Tex. June 28, 2021) (citation omitted).

### 1. Identical Parties

It is apparent from the pleadings that Plaintiff and Defendant were parties to the First and Second Prior Lawsuits, and that they are parties to the current suit. The first element is satisfied.

### 2. Competent Jurisdiction

The First and Second Prior Lawsuits were dismissed by the Northern District of Texas, and neither party disputes that it was a court of competent jurisdiction to determine the prior actions.

### 3. *Prior Final Judgement*

A prior final judgment on the merits was issued in the First Prior Lawsuit when the district court granted Defendant's motion to dismiss Plaintiff's request for declaratory relief, dismissing the claim with prejudice, and Defendant's motion for summary judgment on its breach of contract claim and requests for judicial foreclosure and attorney's fees. (*See* doc. 7 at 58-59.) A prior final judgment on the merits was also issued in the Second Prior Lawsuit when the district court granted Defendant's motion for summary judgment and dismissed all Plaintiff's claims against Defendant with prejudice as barred by res judicata. (*Id.* at 75.) "Generally, a federal court's dismissal with prejudice is a final judgment on the merits for res judicata purposes." *Stevens v. Bank of America*, N.A., 587 F. App'x 130, 133 (5th Cir. 2014) (citing *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009)). The third element has been met.

### 4. *Same Claims*

Defendant contends that the claims asserted in the prior two lawsuits are premised "under the same legal theories previously rejected by the Court" and arise out of the same nucleus of operative facts. (*See* doc. 6 at 1, 5.) Plaintiff's response does not address this argument. (*See* docs. 9-10.)

Res judicata extends beyond claims that were actually raised in a prior action and bars all claims that "could have been advanced in support of the cause of action on the occasion of its former adjudication . . . ." *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990). Ultimately, the "preclusive effect of [the] prior judgment extends to all rights the original plaintiff had 'with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose.'" *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395-96 (5th Cir. 2004) (citation omitted). "To determine whether two suits involve the same claim or cause of action, [the Fifth Circuit] has adopted the transactional test of the Restatement (Second) of Judgments, § 24." *Id.* Under this test, the "inquiry focuses on whether the two cases under consideration are based on 'the same nucleus of operative facts.'" *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007) (citations omitted). "[I]t is the nucleus of operative facts, rather than the type of relief requested, substantive theories advanced, or types of rights asserted, that defines the claim." *Id.* Identifying the nucleus of operative facts involves a "pragmatic" approach, "giving weight to such

considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations." *Test Masters*, 428 F.3d at 571 (citing Restatement (Second) of Judgments, § 24).

In the First Prior Lawsuit, Plaintiff sought a determination of the legitimacy of the mortgage documents and the amount owed and a temporary restraining order to enjoin the foreclosure sale of the Property. (First Prior Lawsuit, doc. 1-1 at 10.) His claims were dismissed with prejudice for failure to state a claim. (*Id.*, docs. 41; 42.) Defendant also asserted a counterclaim for breach of contract and sought declaratory judgment that it had the right to judicially foreclose on the Property. (*Id.*, doc. 1-1 at 20.) Plaintiff argued that Defendant lacked standing to foreclose on the Property because its chain of title had not been established and it had failed to produce original copies of the Note and Deed of Trust. (*Id.*, doc. 20 at 3, 10-11.) Defendant obtained summary judgment on its counterclaim for judicial foreclosure. (*Id.*, docs. 41; 42.)

In the Second Prior Lawsuit, Plaintiff again alleged that Defendant lacked standing to foreclose on its interests in the Property because it failed to establish its chain of title to the Deed of Trust and had not produced original copies of the Note and Deed of Trust. (Second Prior Lawsuit, docs. 5 at 13; 6 at 14.) He requested that Defendant be required to prove its claim, loss, and standing to foreclose. (*Id.*, doc. 5 at 13.) The court dismissed all of Plaintiff's claims with prejudice, concluding that they were barred by res judicata because they were based on the same alleged deficiencies concerning the assignments of the Deed of Trust and Note and Defendant's right to possession of the Property alleged in the prior lawsuits. (*Id.*, docs. 55 at 8-11; 58; 59.)

Plaintiff now asserts claims for violations of the Texas Property Code, alleging that Defendant is engaging in a fraudulent foreclosure of the Property because, in part, (1) he never received a notice of default pursuant to Texas law or the Deed of Trust; (2) Defendant does not have the original Note; (3) the Note has not been indorsed to Defendant; (4) his loan remains with the original assignee of the Note and Deed of Trust; (5) the signatures on the assignments of the Deed of Trust are unsubstantiated or made by unauthorized individuals; and (6) the rights to the Deed of Trust and Note were split making the Deed of

9

Trust an unenforceable contract. (doc. 1-3 at 10-11.) He also asserts a claim for quiet title, alleging he is the equitable owner of the Property and "all purported assignments associated with [the] Deed of Trust are invalid and are slandering [his] title." (*Id.* at 13). These claims and the claims in the First and Second Prior Lawsuits all arise from the same transactions or a series of connected transactions arising from (1) the Deed of Trust and Note, (2) the assignments of the Deed of Trust and Note to Defendant, and (3) Defendant's attempts to assert its rights under the Deed of Trust. They are all based on the same nucleus of operative facts and revolve around Plaintiff's belief that he has superior right to title of the Property. Considered together, all of these claims are related in "motivation" and "origin" and form a "convenient trial unit," as he ultimately seeks to retain possession and ownership of the Property due to his allegedly superior title interest. *See Sidag Aktiengesellschaft v. Smoked Foods Prods. Co., Inc.*, 776 F.2d 1270, 1274 (5th Cir. 1985) ("[O]ne who has a choice of more than one remedy for a given wrong ... may not assert them serially, in successive actions, but must advance all at once on pain of bar.") (internal quotations omitted).

Plaintiff also asserts a claim for violations of the Texas Property Code, alleging that the Notice of Acceleration and Notice of Trustee Sale sent to him on May 18, 2022, did not comply with certain statutory requirements. (doc. 1-3 at 12.) Defendant argues that all of Plaintiff's claims are premised on the same common nucleus of operative facts, but this claim is based on facts that arose after judgment in the prior lawsuits. The Fifth Circuit has long held that res judicata does not "bar a suit based on acts of the defendant that have occurred subsequent to the final judgment asserted as a bar." *Blair v. City of Greenville*, 649 F.2d 365, 368 (5th Cir. 1981); *accord Davis v. Dall. Area Rapid Transit*, 383 F.3d 309, 314 (5th Cir. 2004). Because Plaintiff could not have raised issue with the Notice of Acceleration and Notice of Trustee Sale in the earlier lawsuits, this claim is not barred by res judicata. *See id.*; *see, e.g., Davis v. Select Portfolio Servicing, Inc.*, No. 3:21-CV-3057-G-BN, 2023 WL 2190219, at *5 (N.D. Tex. Jan. 30, 2023), *adopted by* 2023 WL 2190195 (N.D. Tex. Feb. 23, 2023) (finding causes of action based on notice of acceleration sent after plaintiff's prior lawsuits relating to her mortgage were not barred by res judicata); *Sampson v. U.S. Bank NA as Tr. for Truman 2016 SC6 Title Tr.*, No. 4:20-CV-00493-ALM-CAN, 2021 WL 1321343, at *8 (E.D. Tex. Mar. 15, 2021), *adopted sub nom. by* 2021 WL 1316969 (E.D. Tex. Apr. 8, 2021) (finding claims

asserting defects in foreclosure sale proceedings that occurred after entry of final default judgment in the prior suit survived res judicata challenge); *Donnelly v. JPMorgan Chase Bank, N.A.*, No. CIV.A. H-15-1671, 2015 WL 6690257, at *3 (S.D. Tex. Oct. 16, 2015), *adopted by* 2015 WL 6701922 (S.D. Tex. Nov. 3, 2015) (finding res judicata did not apply to breach of contract claim relating to foreclosure notice sent after previous case was dismissed because it was a new claim that could not have brought in that case).

    The elements of res judicata appear on the face of Plaintiff's petition and in documents that are subject to judicial notice, so Defendant's affirmative defense may be considered under Rule 12(b)(6). *See Matter of 3 Star Properties*, 6 F.4th at 228. Plaintiff's claim for violations of the Texas Property Code based on the Notice of Acceleration and Notice of Trustee Sale are not barred by res judicata. Because all the elements of claim preclusion are satisfied as to Plaintiff's remaining claims against Defendant, they are barred and should be dismissed with prejudice. *See, e.g., Tu Nguyen v. Bank of Am., N.A.*, 539 F. App'x 325, 326 (5th Cir. 2013) (per curiam) (affirming dismissal of case to quiet title because prior lawsuits were based on the same nucleus of operative facts concerning foreclosure of the property); *Bellot v. Wells Fargo Bank, N.A.*, No. H-13-2014, 2014 WL 2434170, at *5 (S.D.Tex. May 29, 2014) (concluding res judicata barred plaintiff's suit to prevent foreclosure because second lawsuit was "based on the same underlying allegations-that any assignment of the Note and Deed of Trust was invalid and that Defendants have no standing to pursue foreclosure").

### C.    Failure to State a Claim

    Defendant moves to dismiss Plaintiff's claim for violations of the Texas Property Code on the basis that it creates no private cause of action. (doc. 6 at 6.) It argues that at best, he asserts a claim for wrongful foreclosure, but that claim fails as a matter of law because Plaintiff obtained a temporary order enjoining a foreclosure sale and admits that no foreclosure sale has occurred. (*Id.* at 6-7.)

    As noted, Plaintiff asserts that Defendant has violated Chapter 51 of the Texas Property Code. (doc. 1-3 at 10.) He alleges that the Notice of Acceleration sent to him on May 18, 2022, is not executed by the Trustee, and that "the Notice of Trustee Sale is not signed by a trustee or notarized, is not dated, and is not filed in public record, as required by Texas Law." (*Id.* at 9, 12.) These contentions may be liberally

construed as stating a claim for wrongful foreclosure for failure to send the requisite notices under Chapter 51 of the Texas Property Code rather than a stand-alone claim under the Texas Property Code.[4]

The purpose of a wrongful foreclosure action is to protect mortgagors against mistake, fraud, and unfairness in foreclosure proceedings. *See In re Keener*, 268 B.R. 912, 921 (Bankr. N.D. Tex. 2001) (citing 30 Tex. Jur. 3d Deeds of Trusts and Mortgages § 177 (1998)). In Texas, "a debtor may recover for wrongful foreclosure when an irregularity in the foreclosure sale contributes to recovery of an inadequate price of the property." *Matthews v. JPMorgan Chase Bank, N.A.*, No. 3:11-CV-00972-M, 2011 WL 3347920, at *2 (N.D. Tex. Aug. 1, 2011). The plaintiff must prove: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp.2d 747, 766 (N.D. Tex. 2012) (citing *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.)). A procedural defect may occur when the foreclosing party either "fails to comply with statutory or contractual terms," or "complies with such terms, yet takes affirmative action that detrimentally affects the fairness of the foreclosure proceedings." *Matthews*, 2011 WL 3347920, at *2. Nevertheless, recovery is not available merely by showing a defect in the foreclosure process; "it is also necessary that there be an inadequate selling price resulting from the defect." *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp.2d 725, 729 (N.D. Tex. 2011).

Plaintiff alleges that Defendant's attempted foreclosure is unlawful, in part, because the Notice of Acceleration and Notice of Trustee Sale do not comply with the Texas Property Code, but he does not state any facts supporting the elements of a wrongful foreclosure claim. (doc. 1-3 at 12.) He admittedly remained in possession of the Property as of the date he filed suit, and his original petition seeks injunctive relief to

---

[4] Because § 51.002 does not provide for a private right of action, courts have construed § 51.002 claims as claims for wrongful foreclosure. *See Nelson v. Wells Fargo Bank, N.A.*, No. 4:17-cv-298-A, 2017 WL 3405525, at *2 (N.D. Tex. Aug. 7, 2017) (citing *Palomino v. Wells Fargo Bank, N.A.*, No. 6:15-cv-00375-RWS-KNM, 2017 WL 989300, at *3 (E.D. Tex. Feb. 17, 2017)); *see also Ashton v. BAC Home Loan Servicing, L.P.*, No. 4:13-CV-810, 2013 WL 3807756, at *4 (S.D. Tex. Jul. 19, 2013) ("This Court has not found any cases that interpret section 51.002 to establish an independent right of action for damages. The section also does not contain its own enforcement mechanism.").

prevent Defendant from foreclosing on the Property. (*See* doc. 1-3.) He therefore cannot allege that the Property has been sold for a grossly inadequate price. *See Garcia v. Bank of Am., N.A.*, No. 4:14-CV-2160, 2015 WL 12808271, at *4 (S.D. Tex. Mar. 23, 2015) ("[Plaintiff] has not alleged a violation of the Texas Property Code because no foreclosure has occurred."); *Ayers v. Aurora Loan Servs., LLC*, 787 F. Supp.2d 451, 454 (E.D. Tex. 2011) ("Absent a sale, Plaintiff cannot state a claim under [§ 51.002] of the Property Code."); *see also Medrano v. BAC Home Loans Servicing, LP.*, No. 3:10-CV-02565-M (BF), 2012 WL 4174890, *3 (N.D. Tex. Aug. 10, 2012) ("An attempted wrongful foreclosure is not an action recognized under Texas law."). Accordingly, any wrongful foreclosure claim fails as a matter of law and should be dismissed for failure to state a claim.[5]

### III. OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. Courts, nonetheless, may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a

---

[5] In his summary judgment motion, Plaintiff argues that Defendant is a foreign corporation and has no right to bring a suit in Texas because it failed to comply with the Texas Business Organizations Code (TBOC) by registering with the Texas Secretary of State. (doc. 16 at 2-4.) Under the TBOC, "[a] foreign filing entity . . . may not maintain an action, suit, or proceeding in a court of this state . . . on a cause of action that arises out of the transaction of business in this state unless the foreign filing entity is registered in accordance with" Chapter 9 of the Texas Business Organizations Code. Tex. Bus. Orgs. Code § 9.051(b). This statute is inapplicable to the current lawsuit because it was brought by Plaintiff, not Defendant. *See* § 9.051(c) ("The failure of a foreign filing entity to register does not . . . prevent the entity from *defending* an action, suit, or proceeding in a court in this state.") (emphasis added). Moreover, "the registration requirements of section 9.001 do not prohibit holders in due course or bona fide purchasers for value from filing suit or enforcing the terms of a negotiable instrument, nor do they prohibit a mortgagee from enforcing a mortgage lien." *Reyes v. U.S. Bank Nat'l Ass'n as Tr. for RMAC Tr., Series 2016-ctt*, No. 4:18-CV-00828-P, 2019 WL 7371099, at *5 (N.D. Tex. Dec. 31, 2019). Additionally, any allegations that Defendant lacked standing to pursue its counterclaims in the First Lawsuit based on the TBOC would be barred by res judicata. *See In re Howe*, 913 F.2d at 1144 (explaining that res judicata extends beyond the claims brought in prior actions and bars all claims that plaintiff could have brought).

motion to dismiss after being specifically invited to do so by the court, *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995), or if it finds that the plaintiff has alleged his or her best case, *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). When a court "outline[s] in [its] opinion the deficiencies" of plaintiff's complaint and "plaintiff nevertheless cannot ... amend to satisfy [the relevant pleading standard,] the court can then dismiss the complaint with the assurance that plaintiff has been shown all the deference he is due." *Sims*, 2001 WL 627600, at *2-3 (quotation omitted).

Here, most of Plaintiff's claims in this third lawsuit are barred by res judicata, as they are based on the assignments of the Deed of Trust and his alleged superior title to the Property. He also fails to state a claim for wrongful foreclosure. Because all his claims fail as a matter of law, he appears to have alleged his best case against Defendant. No further opportunity to amend his petition appears warranted.

## IV. RECOMMENDATION

Defendant's motion to dismiss should be **GRANTED**, Plaintiff's motion for summary judgment should be **DENIED as moot**, and all of Plaintiff's claims should be **DISMISSED with prejudice**.

**SO RECOMMENDED** on this 31st day of March, 2023.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE